```
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
EDWARD C. HUGLER, Acting Secretary of   :
Labor, United States Department of Labor,
                                        :
                Plaintiff,                  Civil Action No.
                                        :
        v.
                                        :

DESIGN DEVELOPMENT NYC, INC.;           :   COMPLAINT
MICHAEL DADDIO, Individually; and EARL
BRIAN, Individually,                    :

                Defendants.             :
------------------------------------------------------------
```

Plaintiff, EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), by and through undersigned counsel, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) (the "Act" or the "FLSA"), alleging that Design Development NYC, Inc.; Michael Daddio, individually; and Earl Brian, individually ("Defendants"), violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, to recover back wages, liquidated damages, and enjoin acts and practices that violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants wrongfully classified employees as independent contractors when they were, in fact, employees. Defendants also wrongfully treated employees as exempt from the overtime compensation requirements of the Act pursuant to the exemptions set forth in Section 13(a)(1) of the Act. Due to this unlawful misclassification and unlawful claim of exemptions, Defendants violated the overtime and recordkeeping requirements of the FLSA.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Eastern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

3. Plaintiff, EDWARD C. HUGLER, Acting Secretary of Labor, U.S. Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendant DESIGN DEVELOPMENT NYC, INC. is a corporation organized under the laws of the State of New York, having its principal place of business at 44-61 11th Street, Long Island City, New York 11101, within the jurisdiction of this Court, where it is engaged in the business of design and construction. Defendant DESIGN DEVELOPMENT NYC, INC. has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of the employees within the meaning of Section 3(d) of the Act and is a "person" within the meaning of Section 3(a) of the Act.

5. Defendant MICHAEL DADDIO is an owner of the corporate defendant and is in active control and management of the corporate defendant. Defendant MICHAEL DADDIO has acted directly and indirectly in the interest of the corporate defendant in relation to employees during the relevant time period. He is thus an "employer" of the employees within the meaning

of Section 3(d) of the Act and is a "person" within the meaning of Section 3(a) of the Act. Defendant MICHAEL DADDIO resides in Long Island, New York, within the jurisdiction of this Court.

6. Defendant EARL BRIAN is an owner of the corporate defendant and is in active control and management of the corporate defendant. Defendant EARL BRIAN has acted directly and indirectly in the interest of the corporate defendant in relation to employees during the relevant time period. He is thus an "employer" of the employees within the meaning of Section 3(d) of the Act and is a "person" within the meaning of Section 3(a) of the Act. Defendant EARL BRIAN resides in New York, New York.

**Defendants Are an Enterprise Engaged in Commerce**

7. The business activities of Defendants, as described herein, are related and performed through unified operation and common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r) of the Act.

8. The enterprise had an annual gross volume of sales made or business done in an amount not less than $500,000.00 at all relevant times.

9. The corporate defendant is a design and construction company, and the enterprise has employees handling or working with goods or materials that have been moved in or produced for commerce, such as construction tools and materials. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

**Investigation and Tolling Agreements**

10. In November 2015, the Secretary commenced an investigation into Defendants' compliance with the Act.

3

11. In December 2015, representatives of the Secretary informed Defendants that the Secretary's investigation had found violations of the overtime and recordkeeping requirements of the Act.

12. On or about February 1, 2017, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("Tolling Agreement").

13. The Tolling Agreement tolls the applicable statute of limitations for the time period beginning June 15, 2016 through and including February 22, 2017.

14. Accordingly, the statute of limitations shall be tolled from June 15, 2016 through February 22, 2017.

**Defendants' Pay and Recordkeeping Practices**

15. Defendants employ employees as Carpenters, Draftspersons, Drivers, Electricians, Fabricators, Finishers, Laborers, Millworkers, Painters, Plumbers, Project Managers, Purchasing Managers, Receptionists, Shop Foremen, Site Supervisors, and Tilers, among other positions.

16. At all relevant times, Defendants improperly misclassified 181 employees as independent contractors. Misclassified employees performed work that was integral to Defendants' business, had little or no opportunity for profit or loss based on their managerial skills, did not make significant investment in equipment or materials required for their work, worked exclusively for Defendants and were under the control and supervision of Defendants in terms of hours worked, project coordination and rates of pay, among other extensive control.

17. In many workweeks, these 181 employees worked in excess of 40 hours and were paid them straight-time for their hours over 40. Therefore, Defendants failed to pay these 181

misclassified employees one and one-half times their regular hourly rates for all hours over 40 in a workweek.

18. Defendants also paid three non-exempt employees a fixed weekly salary, without paying them proper overtime for hours worked over 40 in a workweek.

19. At all relevant times, many of Defendants' misclassified employees and non-exempt employees worked in excess of 40 hours per week, often up to 70 hours per week or more.

20. At all relevant times, some of Defendants' misclassified employees and non-exempt employees worked more than one shift per day, thus working as many as 16 hours in a 24-hour period.

21. At all relevant times, Defendants maintained a record of actual hours worked by Defendants' employees.

22. At all relevant times prior to January 2016, Defendants' payroll records accurately reflected actual hours worked by Defendants' employees.

23. For approximately a six-week period during approximately January to February 2016, after the start of the Wage and Hour Division's investigation and after Defendants received counsel from the Wage and Hour Division regarding misclassification, overtime and recordkeeping, Defendants falsified their payroll records to conceal employees' hours worked over 40 per week.

24. During this six-week period, Defendants continued to pay straight-time to 181 misclassified employees for hours over 40 worked per week; however, Defendants paid this straight-time pay to 181 misclassified employees in cash and "off the books."

25. During this six-week period, Defendants continued to not pay overtime to three non-exempt employees receiving a fixed weekly salary.

## FIRST CAUSE OF ACTION

**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

26. The Secretary incorporates by reference and re-alleges the allegations in Paragraphs 1 through 25 of the Complaint.

27. Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees listed in Exhibit A in an enterprise engaged in commerce, or in the production of goods for commerce, for workweeks longer than those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

28. Defendants' actions as described herein have been willful.

29. Therefore, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

## SECOND CAUSE OF ACTION

**Violation of Sections 11(c) and 15(a)(5) of the FLSA**

30. The Secretary incorporates by reference and re-alleges the allegations in Paragraphs 1 through 25 of the Complaint.

31. Defendants have willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that Defendants misclassified employees as independent contractors, improperly

claimed exemptions, falsified payroll records and failed to, at all relevant times, make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment that they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

2. An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages; or

3. In the event liquidated damages are not awarded, an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

4. An order compelling Defendants to reimburse the Secretary for the costs of this action; and

5. An order granting such other relief as the Court may deem necessary or appropriate.

DATED:     February 23, 2017
           New York, New York

                         ___s/ Nicholas C. Geale_____
                         NICHOLAS C. GEALE
                         Acting Solicitor of Labor


                         ___s/ Jeffrey S. Rogoff_____
                         JEFFREY S. ROGOFF
                         Regional Solicitor


                         ___s/ Frances Y. Ma_____
                         FRANCES Y. MA
                         Attorney
                         Office of the Regional Solicitor
                         201 Varick Street, Room 983
                         New York, NY 10014
                         (646) 264-3694
                         (646) 264-3660 (fax)
                         ma.frances.y@dol.gov
                         NY-SOL-ECF@dol.gov

                         Attorneys for EDWARD C. HUGLER,
                         Acting Secretary of Labor, Plaintiff

**EXHIBIT A**

| Last Name | First Name |
|---|---|
| Alcantara Jerez | Lalane |
| Alexander | Dorrell |
| Almanzar | Edward |
| Almeida | David |
| Alvarado Jr. | Julio |
| Ambrose | Christopher |
| Ambrose | John |
| Anderson | Rayan |
| Andujar | Darwin |
| Angamarca | Fernando |
| Ansell | Graham |
| Ante | Alfredo |
| Ante | Eduard |
| Aquino | Joshua |
| Arevalo | Ricardo |
| Arguello | Xavier |
| Arizaga Sacta | Manuel |
| Auquilla | Hugo |
| Azcuy | Antonio |
| Baginski | Mariusz |
| Bajek-Corbin | James |
| Barahona | Jaime |
| Barnes | Javad |
| Barrio | Alfredo |
| Betancourth | Jose |
| Bicahlo | Emerson |
| Borahona | Daniel |
| Borja | Chris |
| Borja | Jose |
| Bouamane | Khalid |
| Brady | John |
| Breton | Juan |
| Bridges | Simeon |
| Brown | Jose |
| Caban | Andrew |
| Calle | Edgar |
| Campbell | Vincent |
| Carey | Steven |

| | |
|---|---|
| Castillo | Carlos |
| Castillo | Gregory |
| Castillo | Ydarian |
| Castro | Michael |
| Charles | Jeremiah |
| Chavez | Zoila |
| Chicaiza | Steven |
| Chuchucha | Diego |
| Cires | Manuel |
| Comp | Peter |
| Conty | Jaime |
| Daley | Malik |
| Dastis | Peter |
| De la Cruz | Christopher |
| De la Cruz | Raymond |
| De Oliveira | Wallace |
| Del Rosario | Martin |
| Diaz | Aldwin |
| Donlon | Zoe |
| Durrse | Joel |
| Dzwilewski | Christian |
| Estevez | Melvis |
| Fabian | Erick |
| Falla | Oscar |
| Familia | Rafael |
| Felisor | Jean |
| Fermin | Jose |
| Fernandez | Hector |
| Fernandez | Joseph |
| Figueroa | Ricardo |
| Fitzgerald | Gareth |
| Flores | Bruno |
| Gasparro | Jerry |
| Golubchik | Aleksander |
| Gomez | Oscar |
| Gonzalez | Edison Oscar |
| Grabski | Damian |
| Gualpa | Juan |
| Guaman | Cesar |
| Guaman | Fausto |
| Guaman | Justo |
| Guerrero | Edgardo |
| Guilbreau | Garrett |

| | |
|---|---|
| Gunderson | Kevin |
| Guzman | Adolfo |
| Halikias | John |
| Haque | Ehsanul |
| Hawkins | James |
| Hefnawy | Zachary |
| Hidalgo | Angelo |
| Hoffbrauer | Francis |
| Hovsepian | Carlos |
| Huerta | Francisco |
| Hughes | Brandon |
| Imes | David |
| Iskhakov | Miroslav |
| Jackson | Albert |
| Jaramillo | Hector |
| Jenney | Benjamin |
| Jimenes | Daniel |
| Kerns | Timothy |
| Klawinowski | Daniel |
| Krawiec | Bogdan |
| Krukowski | Marian |
| Larrazabal | Jorge |
| Lemos | Carlos |
| Lloyd | Mathieu |
| Lnu | Ziggy |
| Loaiza | Francisco |
| Loaiza | John |
| Luzung | Gil |
| Mahoney | James |
| Marotta | Daniel |
| Martinez | Carlos |
| Mastalerz | Marek |
| Melidosian | Nicholas |
| Mercado | Alexis |
| Mercedes | Jose |
| Minor | Crispin |
| Miranda | Charlie |
| Modric | Miroslav |
| Montes | Pedro |
| Monti | Steve |
| Myrto | Arjan |
| Myrto | Malinda |
| Nieves | Michael |

| | |
|---|---|
| Nikabadze | Vladimir |
| North | Chris |
| Ochoa | Juan Pablo |
| Olegario | Leandro |
| Orsawolf | Clark |
| Pacheco | Byron |
| Pankey | Naukea |
| Parrish | Geoffrey |
| Peralta | Carlos |
| Perez | Jose |
| Phares | Randy |
| Pizarro | Freddy |
| Pizarro Nievecela | Rene (Marcelo) |
| Prowell | Isiah |
| Reinhardt | Mike |
| Remache | Henry |
| Richards | Gregory |
| Rivas | Antonio |
| Rivera | Gustavo |
| Rivera | Rene |
| Robles | Angel |
| Roby | James |
| Rodriguez | Joffre |
| Rodriguez | Wilton |
| Salai | Jozsef |
| Sanchez | Henry |
| Sanchez, Jr. | Edwin |
| Santana | Ivan |
| Santos | Paul |
| Sin | Chong Kok |
| Soares | Jose Carlos |
| Spano | Joe |
| Stancil | Darnell |
| Steele | Michael |
| Sweat | Donald |
| Tamayo | Jaime |
| Tapia | Daniel |
| Tapia | Edison |
| Teixeira | Dayves |
| Teixeira Bicalho | Emerson |
| Tenesca | William |
| Tirado | Carlos |
| Tollinchi | Anthony |

| | |
|---|---|
| Topaz | Remiglio Luis |
| Torres | Christian |
| Vata | Klajbi |
| Vegh | Lajos |
| Velez | Miguel |
| Villamil | Jhon Jairo |
| Villano | Faustino |
| Villouta | Cesar |
| Vizcaino | Arcidys |
| White | Gilbert |
| Winters | Charles |
| Wong | Ching Kiang |
| Worrell | Damion |
| Yuen | Michael |
| Zambrano | Mariano |
| Zsako | Attila |
| Zuluaga | Alberto |